**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Noel Cedeno, | ) | CASE NO.1:15CV1251 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| Michelle Miller, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Noel Cedeno ("Cedeno"), challenges the constitutionality of his conviction in the case of *State v. Cedeno*, Cuyahoga County Court of Common Pleas Case No. 2011-CR-548513. Cedeno, *pro se*, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on June 22, 2015. On August 19, 2015, Warden Michelle Miller ("Respondent") filed a Motion to Dismiss the Petition as Time-Barred. (Doc. No. 7.) Petitioner filed a Traverse on August 31, 2015, to which Respondent replied on September 11, 2015. (Doc. Nos. 8, 9.) On September 21, 2015, Petitioner filed a sur-reply. (Doc. No. 10.)

For reasons set forth in detail below, it is recommended that Cedeno's Petition be DISMISSED as time barred.

**I. Procedural History**

**A. Conviction**

On April 7, 2011, a Cuyahoga County Grand Jury charged Cedeno with one count of

kidnapping in violation of Ohio Revised Code ("O.R.C.") § 2905.01(A)(4) (Count One) together with sexual motivation, sexually violent predator, and repeat violent offender specifications; two counts of rape in violation of O.R.C. § 2907.02(A)(2) (Count Two) and § 2907.02(A)(1)(c) (Count Three) both with sexually violent predator and repeat violent offender specifications; and, two counts of sexual battery in violation of O.R.C. § 2907.03(A)(1) (Count Four) and § 2907.03(A)(2) (Count Five) both with sexually violent predator specifications. (Doc. No. 7-1, Exh. 3.) Cedeno pled not guilty. (Doc. No. 7-1, Exh. 4.)

Cedeno waived his right to a jury trial, and a bench trial commenced on July 25, 2011. A mistrial was declared after Cedeno advised the trial court mid-trial that he did not fully understand the proceedings and needed an interpreter. (Doc. No. 7-1, Exhs. 5, 6,7.) Bench trial recommenced the same day with an interpreter present. On July 26, 2011, the trial court found Cedeno guilty of one count of rape as charged in Count Three and one count of sexual battery as charged in Count Five. (Doc. No. 7-1, Exh. 8.) Cedeno was found not guilty of the remaining charges. *Id.*

On August 24, 2011, the trial court merged Counts Three and Five and proceeded to sentence Cedeno (on Count Three only) to a term of five years incarceration. (Doc. No. 7-1, Exh. 9.)

**B.  Direct Appeal**

On September 22, 2011, Cedeno, through counsel, filed a Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court"). (Doc. No. 7-1, Exh. 10.) On March 2, 2012, the state appellate court *sua sponte* dismissed the appeal for lack of a final appealable order, noting that "[t]he trial court has not disposed of the specifications to

Counts 3 and 5, although it found the defendant guilty of the base offenses." (Doc. No. 7-1, Exh. 13.)

On May 10, 2012, the trial court issued *nunc pro tunc* judgement entries finding Cedeno not guilty of the specifications to Counts Three and Five.[1] (Doc. No. 7-1, Exhs. 15, 16.)

On June 8, 2012, Cedeno, through counsel, filed a notice of appeal. (Doc. No. 7-1, Exh. 17.) In his appellate brief, Cedeno raised the following two assignments of error:

> I.  THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL UNDER CRIM. R. 29 BECAUSE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO ESTABLISH BEYOND A REASONABLE DOUBT THE ELEMENTS NECESSARY TO SUPPORT THE CONVICTIONS.
>
> II. APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

(Doc. No. 7-1, Exh. 18.)

On July 27, 2012, Cedeno's appeal was dismissed *sua sponte* by the state appellate court for failure to file the record. (Doc. No. 7-1, Exh. 36.) Cedeno, through counsel, thereafter filed a motion to reconsider and/or reinstate the appeal. *Id.* Cedeno's motion was granted on August 2, 2012. *Id.*

On March 7, 2013, the state appellate court affirmed Cedeno's convictions and sentences. (Doc. No. 7-1, Exh. 20.) *See also State v. Cedeno*, 2013 WL 871921 (Ohio App. 8th Dist. March 7, 2013).

On April 1, 2013, Cedeno filed three *pro se* documents with the state appellate court.

---

[1] In a separate journal entry, the trial court stated that it had disposed of the specifications to Counts Three and Five at the time of the announcement of the verdict but, due to a clerical error, had "neglected to incorporate those findings into the journal entries of the verdict and sentence." (Doc. No. 7-1, Exh. 14.)

(Doc. No. 7-1, Exhs. 21, 22, 23.) The first is captioned "Notice of Appearance and Notice of Termination of Representation by Joseph Pagano." (Doc. No. 7-1, Exh. 21.) Therein, Cedeno stated that he had terminated representation by his appellate counsel, Mr. Pagano, and was now proceeding *pro se*. *Id*. Cedeno's second *pro se* filing is captioned "Notice of Failure to Service a Copy of the Court's Order Affirming the Conviction of Trial Court on February 8, 2013 in violation of Rule 5(A) Civ. R." (Doc. No. 7-1, Exh. 22.) In this filing, Cedeno claimed appellate counsel failed to serve him with a copy of the state appellate court decision affirming his conviction. *Id.* Finally, in his third *pro se* filing (captioned "Denial of Consent to the Eighth District Court of Appeals Affirmation of the Appellant's Conviction in Case No. CR-11-548513"), Cedeno stated he had not consented to either his trial or appellate counsel and "thus no attorney is authorized to act on the Appellant's behalf and sign a judgment of conviction." (Doc. No. 7-1, Exh. 23.)

Ten months later, on January 13, 2014, Cedeno filed a Notice of Appeal and Motion for Delayed Appeal with the Supreme Court of Ohio. (Doc. No. 7-1, Exhs. 24, 25.) In an affidavit attached to his motion, Cedeno claimed he had attempted to appeal to the Supreme Court of Ohio on April 8, 2013, but his appeal was returned by the Clerk for failure to submit a date-stamped copy of the appellate court decision as required by S.Ct. Rule 6.01(B)(2). Cedeno blamed his appellate counsel, Mr. Pagano, for failing to provide him with a date-stamped copy, claiming that "Attorney Pagano intentionally sabotaged affiants' appellate process to this Court to cover up his negligent performance at the appellate stage of the proceedings." (Doc. No. 7-1, Exh. 25.) Cedeno then stated that he "did not come into possession of the proper date-stamped Court of Appeals' opinion . . . until his family went to the Court Clerk's Office on December 4, 2013."

*Id*.

On March 12, 2014, the Supreme Court of Ohio denied Cedeno's motion for delayed appeal.  (Doc. No. 7-1, Exh. 26.)

**C.  Post-conviction Motions**

On February 27, 2015, Cedeno filed a *pro se* document in the state trial court captioned "Concurrent Sentences," in which he appeared to be requesting jail time credit.[2]  (Doc. No. 7-1, Exh. 27.)  The State interpreted the filing as such, and agreed to 1307 days of jail-time credit.  (Doc. No. 7-1, Exh. 28.)

On April 2, 2015, the trial court granted Cedeno's motion for jail-time credit, according him a total of 1307 days of credit.  (Doc. No. 7-1, Exh. 29.)  Thereafter, on April 14, 2015, the court issued a separate journal entry, overruling Cedeno's motion for "concurrent sentence."  (Doc. No. 7-1, Exh. 30.)

On April 3, 2015, Cedeno filed a *pro se* motion to vacate court costs.  (Doc. No. 7-1, Exh. 36.)  Cedeno's motion was denied on April 15, 2015.  (Doc. No. 7-1, Exh. 31.)

Several months later, on June 15, 2015, Cedeno filed another *pro se* motion captioned "Concurrent Sentences."  (Doc. No. 7-1, Exh. 32.)  In this motion, Cedeno again appears to

---

[2] The entirety of Cedeno's motion reads as follows: "Defendant files for the sentence of Defendant to be with Jail Time Credit of 46 (months) as of sentence with 60 (months) for incarceration of 12 (months) for concurrent for all allegations as all allegations stem from simultaneous occurrences of action(s) supposed by victim in allegations of consensual sex with such act(s) condone by the consent of the defendant, the acquaintance to victim and consensual partners, continued allegations were at the same instance allowing the acts to be, 'allied and deriving from one action,' for separate allegations but one sentence.  Defendant request findings by the court, 'allied offenses for concurrent sentence,' with Jail Time Credit allocation, 'for sentence to be served.'"  (Doc. No. 7-1, Exh. 27.)

request that the court impose a reduced sentence which would be served by his jail-time credit and allow for his release on March 20, 2015. *Id.* The State opposed the motion, arguing the trial court lacked jurisdiction to re-sentence Cedeno. (Doc. No. 7-1, Exh. 33.) On July 2, 2015, Cedeno filed a document captioned "Apology to the Court." (Doc. No. 7-1, Exh. 34.) On July 8, 2015, the trial court overruled Cedeno's motion. (Doc. No. 7-1, Exh. 35.)

Cedeno did not appeal any of these rulings.

### D. Federal Habeas Petition

On June 22, 2015, Cedeno filed a *pro se* Petition for Writ of Habeas Corpus and asserted the following grounds for relief:[3]

> I. Effective Counsel; Counsel failure to file on 06 08 2012 Appellate Case No. 98500 the Appeal was lost by Record on Appeal,07 27 2012 Sua Sponte, This appeal is dismissed by the court of appeals, at appellants cost, for failure to file the record for Appellate Case No.:98500. 08 02 2012 Motion by appellant to reconsider and/or reinstate appeal and return case to the briefing calendar is granted by the court of appeals. Entry 457114 is vacated. The clerk's office shall transfer the record from appeal number 97337 by August 6, 2012. (98500). 03 08 2013 Criminal Appeal Judgment: Affirmed by the court of appeals. (98500). The records of the court allow the failure in representation and professionalism by Effective Counsel failing to fail in manner of the Rules of Court for Appellate Rule 3,"Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity to file the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal. Appeals by leave of court shall be taken in the manner prescribed by Rule

---

[3] Cedeno's Petition states that he placed his Petition in the prison mailing system six days earlier, on June 16, 2015. (Doc. No. 1 at 12.) Under the prison mailbox rule, as articulated by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, 276 (1988), a *pro se* prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the document is actually filed. The *Houston* court adopted the prison "mailbox" rule because it recognized the fact that prisoners cannot take the steps available to other litigants to monitor the processing of filings with the court. As such, the Court will consider June 16, 2015 the filing date for statute of limitations purposes.

-6-

5." A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right."

**Supporting Facts**: The facts are the Effective Counsel fail to file by the record of: Case Information 10 25.13 Case CR-11-548513-A The State of Ohio vs. Noel Cedeno page 1. of 4. Entries:06 08 2012 D1 NT; 06 29 2012 ; 07 27 2012 D1 NT; 08 02 2012 Motion by appellant to reconsider and/or reinstate appeal and return case to the briefing calendar is granted by the court of appeals. Entry 457114 is vacated. The clerk's office shall transfer the record from the appeal number 97337 by August 6, 2012. (98500).03 08 2013 D1 NT Criminal appeal judgment: Affirmed by the court of appeals. (98500). These are facts that support effective counsel not timely performing the duties of an effective counsel.

II. Evidence Procedure errors of the Office of the Prosecutor cause a allegation non verifiable by the procedure for evidence. No expert witness confirmed a Rape by a medical or surgical report supporting the offense. In the merits of the Sex Battery the use of the words, "I felt funny", are not the words to be used to make an allegation of rape or sex battery in the arena of the investigation and interview no warrant with affidavit of rape existed from the expert witness to support the victim testimony of ,"I felt funny," the Office of the Prosecutor, binds the offense from statements of the appellant. The statements are innocence of rape or confirmation of act of sex. If the court would allow the best allegation is voyeurism or peeking tom. Its evident the persons are not aware of any sex act other than feelings and pulling of clothes with touching maybe. There are not evidential facts of the clothing being torn or force of any act with no evidence of sex acts by D.N.A. or admission of ejaculation or orgasm by the appellant or victim. The allegations have no factual evidence to confirm a allegation or a incarceration by trial. No records of the court indicate evidence was processed to the grand jury, the court, or by Discovery Procedure to indicate the allegations were proper with the sufficient evidence required by the State of Ohio. The Felony one that the Felony three merged to is insufficient with evidence to create a five year sentence by evidence procedure. Evidence Procedure demands,"(1) rationally based on the perception of the witness and " "(2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Article VII. Opinions and Expert Testimony Procedure 701. Opinion testimony by lay witnesses." "(A) dispels a misconception common among lay persons (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training,

>>or education regarding the subject matter of the testimony (C) The witness' testimony is based on reliable scientific, technical, or other specialized information. To the extent that the testimony reports the result of a procedure, test, or experiment, the testimony is reliable only if all the following apply," (1) the theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, fact, or principles" (2) The design of the procedure, test, or experiment reliably implements the theory" (3)The particular procedure, latest, or experiment was conducted in a way that will yield an accurate result."" Article VII. Opinions and Expert Testimony Procedure 701." 2013-1 Ohio Criminal Law Handbook, Containing Ohio Evidence Procedure (Rules) through January 10, 2013.
>
>>**Supporting Facts**:   Case Information CR-11-548513-A The State of Ohio vs. Noel Cedeno, 10 25 2013 last entry 04 05 2013 four pages.

(Doc. No. 1.)

## II.  Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

>(d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the
> exercise of due diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**A.    One-Year Limitation**

The AEDPA establishes a general rule that there is a one-year statute of limitations for filing a habeas petition in federal court for persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). *See Mackey v. Warden, Lebanon Correctional Institution*, 2013 WL 1908890 at * 3 (6th Cir. May 9, 2013).  Subsection 2244(d)(1)(A) indicates that the limitations period runs from the date on which the state court judgment becomes final by conclusion of direct review or the expiration of the time for seeking such review, whichever is later.  The Sixth Circuit has found that, for petitioners who seek review on direct appeal in the Supreme Court of Ohio, "the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired." *Bronaugh v. Ohio*, 235 F.3d 280, 282 (6th Cir. 2000).  *See also Ajumu v. Goodrich*, 2014 WL 1236268 at * 1 (N.D. Ohio March 24, 2014); *Pimental v. Hudson*, 2008 WL 4186922 at * 1 (N.D. Ohio Sept. 5, 2008).

Here, Cedeno's conviction and sentence became final on May 10, 2012, when the trial court filed the *nunc pro tunc* entries disposing of the specifications to Counts Three and Five.  He timely appealed on June 8, 2012.  (Doc. No. 7-1, Exhs. 15, 16, 17.)  The state appellate court affirmed his conviction and sentence on March 7, 2013.  (Doc. No. 7-1, Exh. 20.)  Cedeno then had forty-five

(45) days to appeal to the Supreme Court of Ohio, but failed to do so. Based on this sequence of events, Respondent argues Cedeno's conviction and sentence became "final" for purposes of § 2244(d)(1)(A) on April 22, 2013, forty-five (45) days after the state appellate court affirmed his conviction and the time to file a timely notice of appeal with the Supreme Court of Ohio expired. Respondent then asserts that the limitations period commenced on April 23, 2013 and, absent tolling, would have expired one year later on April 23, 2014.[4] (Doc. No. 7 at 12.)

However, as Respondent correctly notes, the AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.*

Only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if

---

[4] Cedeno does not argue that the three *pro se* documents (Doc. No. 7-1, Exhs. 21, 22, 23 he filed in the state appellate court on April 1, 2013 had any tolling effect. The Court notes that none of filings are captioned as motions or otherwise appear to seek any affirmative relief. Rather, these *pro se* filings appears to simply be notices to the court. As such, the Court finds these documents did not affect the running of the statute of limitations herein.

it was rejected by the state court as untimely")*; Monroe v. Jackson*, 2009 WL 73905 at *2 (S.D. Ohio Jan. 8, 2009). A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

Here, Cedeno filed his *pro se* Motion for Delayed Appeal with the Supreme Court of Ohio on January 13, 2014. (Doc. No. 7-1, Exh. 25.) Thus, the limitations period began to run on April 23, 2013 (i.e., the day after Cedeno's conviction became final on April 22, 2013) and ran continuously for 265 days until he filed his Motion for Delayed Appeal on January 13, 2014.[5] The statute was tolled until the Supreme Court of Ohio denied Cedeno's motion on March 12, 2014, and began to run again on March 13, 2014.[6] (Doc. No. 7-1, Exh. 26.) The limitations period then

---

[5] While the filing of a motion for delayed appeal may have a tolling effect during the time the motion remains pending, an unsuccessful motion for delayed appeal does not restart the statute of limitations. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) ("although the filing of the motion for delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion"); *Anderson v. Brunsman,* 562 Fed. Appx. 426, 429-430 (6th Cir. April 10, 2014); *Backie v. Moore*, 2015 WL 2137164 at * 7 (N.D. Ohio May 7, 2015); *Sands v. Bunting*, 2015 WL 6658725 at * 6 (N.D. Ohio Oct. 30, 2015) (citing cases).

[6] The ninety day period for seeking certiorari to the United States Supreme Court after the denial of Cedeno's motion for delayed appeal does not toll the AEDPA's statute of

ran uninterrupted from March 13, 2014 for 100 days until it expired on June 23, 2014.[7] As noted *supra*, Cedeno filed post-conviction motions for jail-time credit on February 27, 2015 and June 15, 2015. (Doc. No. 7-1, Exhs. 27, 32.) However, as noted above, state collateral review proceedings can no longer serve to avoid the statute of limitations bar once the limitations period is expired. *See Vroman*, 346 F.3d at 602. Because Cedeno's post-conviction motions for jail-time credit were filed well after the statutory limitations period expired, they do not have any further tolling effect.[8]

As the statutory limitations period expired on June 23, 2014 and Cedeno did not file his

---

limitations under § 2244(d)(2). *See Lawrence v. Florida,* 549 U.S. 327, 333–34, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) (holding that §2244(d)(2) does not toll the one year limitations period during the pendency of a petition for certiorari); *Anderson*, 562 Fed. Appx. at 430 (stating that "the ninety-day period applicable to petitions for certiorari to the United States Supreme Court does not enter the calculation in this scenario, for the reason that the motion for delayed appeal was not a part of the direct review"); *see also Foster v. Bobby*, 2010 WL 1524484, at *2–4 (N.D. Ohio Apr.15, 2010); *Lee v. Warden, Chillicothe Corr. Inst.*, 2009 WL 1911917, at*1 (S.D. Ohio June 30, 2009); *Kimble v. Gansheimer*, 2009 WL 4676959 at fn 2 (N.D. Ohio Dec. 4, 2009).

[7] The 100 days lands on Saturday, June 21, 2014. However, the Court will deem the statute of limitations expired on the next business day; i.e., Monday, June 23, 2014.

[8] Cedeno does not argue that the trial court's decision granting him 1307 days of jail time credit restarted the statute of limitations. At least one district court within this Circuit has found that a *nunc pro tunc* judgment entry modifying a sentence with regard to jail time credit did not affect the finality of the judgment of conviction and sentence for purposes of § 2244(d) where it did not impact a petitioner's underlying conviction or sentence. *See Quillen v. Warden*, 2013 WL 1315089 at * 6 (S.D Ohio March 29, 2013). In addition, in an unreported decision, the Sixth Circuit stated that "a modification of a previously imposed sentence to afford presentence credits also does not affect the date on which finality attaches for statute-of-limitation purposes." *Eberle v. Warden*, 532 Fed. Appx. 605, 610 (6th Cir. Aug. 8, 2013) (citing *Graham v. Smelser*, 422 Fed. Appx. 705, 707 (10th Cir. 2011)). In Cedeno's case, there is nothing to suggest that the journal entry granting him additional jail time credit had any impact on his underlying conviction or sentence. Indeed, it appears to have been nothing more than a correction of a technical or clerical computational error. Moreover, the Court notes that neither of Cedeno's habeas grounds for relief relate to trial court's computation of jail time credit, or to his sentence generally.

habeas petition until June 16, 2015, Respondent argues it is nearly one year late and should be dismissed as time-barred. The Court agrees with Respondent and finds that Cedeno's Petition is untimely for the reasons set forth above. Therefore, unless equitable tolling is appropriate or Cedeno is entitled to begin calculating the statute of limitations from an alternative date, his petition should be dismissed as time-barred.

### B. Factual Predicate

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date.

Cedeno's first habeas claim is difficult to decipher, but appears to assert that appellate counsel was ineffective for failing to properly file the record with the state appellate court. Cedeno's second habeas claim appears to assert that his convictions are not supported by the sufficiency of the evidence.

Cedeno does not argue that the factual predicates of these claims became known to him at some point in time after his conviction became final. By its very nature, Cedeno's second habeas claim is based on facts that would have been known to Cedeno at the time of his sentencing in May 2012. Cedeno's first habeas claim appears to be predicated on appellate counsel's failure to properly file the record with the state appellate court in July 2012. As such, the factual predicate of this claim would have been known to Cedeno prior to the date his conviction became final on April 22, 2013. Accordingly, neither of Cedeno's habeas claims can serve to delay the running of

the statute of limitations under §2244(d)(1)(D).[9]

### C. Equitable Tolling

Although the Petition herein is untimely, the AEDPA statute of limitations period is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). *See also Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011). However, the equitable tolling doctrine is granted by courts only "sparingly." *See Robertson*, 624 F.3d at 784. Moreover, "although 'the party asserting statute of limitations as an affirmative defense has the burden of demonstrating that the statute has run,' the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)(quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

In order to be entitled to equitable tolling, a habeas petitioner must establish that (1) he has been pursuing his rights diligently; and, (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 130 S.Ct. at 2565. *See also Hall,* 662 F.3d at 749; *Griffin,* 308 F.3d at 653. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum diligence." *Holland*, 130 S.Ct. at 2565. That being said, the Sixth Circuit has held that excessive delays in filing lack appropriate diligence. *See e.g. Keeling v. Warden*, 673 F.3d 452,

---

[9]Cedeno does not argue that the limitations period should commence at a later date because a constitutional right asserted in the Petition was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* § 2244(d)(1)(C).

463-64 (6th Cir. 2012); *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003)(stating that a court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights").

Respondent argues Cedeno is not entitled to equitable tolling because he failed to exercise diligence in pursuing his rights. Specifically, Respondent maintains that, although Cedeno claims he was unable to timely appeal to the Ohio Supreme Court because his counsel failed to provide a date-stamped copy of the appellate decision, Cedeno was dilatory because he waited eight months to secure a date-stamped copy from the clerk's office. (Doc. No. 7 at 15.) Respondent also asserts that Cedeno failed to exercise due diligence when he waited over a year to file his habeas petition after the Ohio Supreme Court denied his delayed appeal. *Id.*

Cedeno's Traverse (Doc. No. 8) and "Rebuttal to Respondent Dismissal" (Doc. No. 10) are very difficult to understand. Neither appears to directly address the issue of equitable tolling. At one point, however, Cedeno does seem to suggest that his appellate counsel abandoned him after the state appellate court affirmed his conviction, leaving him to "attempt to discourse law to the court by the rules of the court based upon the literacy of a high school educated personal and illiterate in the discourse of law(s) and its many instruments to gain proper hearing for the proper complaint(s)." (Doc. No. 8 at 6.) This argument, however, is belied by Cedeno's April 1, 2013 *pro se* submission to the state appellate court, in which he terminated appellate counsel and expressly stated that he wished to proceed *pro se*. (Doc. No. 7-1, Exh. 21.)

Even if Cedeno's *pro se* filings were construed as asserting that he is entitled to equitable tolling, the Court would have serious doubt as to whether Cedeno exercised sufficient diligence under the circumstances. As Respondent correctly notes, Cedeno's own *pro se* filings dated April

-15-

1, 2013 demonstrate that (by that date at the very latest) he was aware of the state appellate court decision affirming his convictions and sentences.  Although Cedeno's attempt to appeal was thwarted by his appellate counsel's alleged failure to provide him a date-stamped copy of the appellate court decision, Cedeno then waited eight (8) months (until December 4, 2013) to obtain a properly date-stamped copy.  Even after obtaining a date-stamped copy, Cedeno then waited over a month to file his January 13, 2014 motion for delayed appeal.  Finally, as Respondent correctly notes, the Ohio Supreme Court denied his motion for delayed appeal on March 12, 2014, but Cedeno waited until June 16, 2015 to file his habeas petition.

Based on this sequence of events, the Court is skeptical that Cedeno has exercised sufficient diligence or otherwise demonstrated extraordinary circumstances to warrant the application of equitable tolling.  *See e.g. Anderson*, 562 Fed. Appx. at 431 (finding petitioner was not entitled to equitable tolling where he waited more than 45 days to file a motion for delayed appeal after receiving a time-stamped copy of the state appellate court decision, and then waited more than six months to file habeas petition after the denial of his delayed appeal).

Nevertheless, even assuming equitable tolling would be justified based on appellate counsel's alleged failure to provide Cedeno a date-stamped copy of the appellate court decision, the Court would still find the instant Petition to be untimely.  As noted above, Cedeno claims he obtained a date-stamped copy of the decision on December 4, 2013, and filed his motion for delayed appeal on January 13, 2014.  (Doc. No. 7-1, Exh. 25.)  The Ohio Supreme Court then denied his motion for delayed appeal on March 12, 2014.  (Doc. No. 7-1, Exh. 26.)  If the Court were to give Cedeno every possible benefit of the doubt and toll the statute of limitations until the denial of his motion for delayed appeal, the limitations period would have begun to run on March

-16-

13, 2014 and would have run uninterrupted until Cedeno filed his motion for jail-time credit on February 27, 2015, a total of 351 days. Cedeno's motion was granted on April 2, 2015. (Doc. No. 7-1, Exh. 29.) However, the next day (April 3, 2015), Cedeno filed a *pro se* motion to vacate costs. (Doc. No. 7-1, Exh. 36.) Again, giving Cedeno every possible benefit of the doubt, the Court will toll the limitations period until that motion was denied, on April 15, 2015. (Doc. No. 31.)

Cedeno's limitation period would have then started to run again on April 16, 2015 and ran for fifteen (15) days until the limitations period expired on Friday, May 1, 2015.[10] Cedeno did not deliver his Petition to prison authorities for mailing until June 16, 2015, forty-seven (47) days later. Thus, even if the Court were to give Cedeno the benefit of the doubt and equitably toll the statute of limitations until the Ohio Supreme Court denied his motion for delayed appeal (i.e., March 12, 2014), the instant Petition would nevertheless be untimely.

### D.     Actual Innocence

In *McQuiggan v. Perkins*, ––– U.S. ––––, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the United States Supreme Court recently held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1). *Id*. at 1931.

For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence,

---

[10] Although Cedeno filed another *pro se* motion in the state trial court on June 16, 2015 (Doc. No. 7-1, Exh. 32), this motion has no tolling effect because it was filed after the statute of limitations period had already expired. *See Vroman*, 346 F.3d at 602

trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare" and "'[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggan*, 133 S.Ct. at 1928 (quoting *Schlup,* 513 U.S. at 329). In making this assessment, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id*. (quoting *Schlup*, 513 U.S. at 332).

Here, Cedeno's second ground for relief could be interpreted as suggesting that he is actually innocent. However, he has not come forward with any evidence, much less new and reliable evidence, of actual innocence. Thus, the Court finds Cedeno has not demonstrated he is entitled to the actual innocence exception.

Accordingly, and in light of all of the above, it is recommended the Court find that the instant Petition is time-barred under § 2244(d)(1).

### III.  Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred.[11]

/s/ *Greg White*
U.S. Magistrate Judge

Date: January 26, 2016

---

[11] Because the Court has recommended that Cedeno's Petition be dismissed as time-barred, it need not address Respondent's alternative argument that Cedeno's first ground for relief is unexhausted.

## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**