```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
NOEL CEDENO,                                :
                                            :     CASE NO. 15-CV-1251
            Petitioner,                     :
                                            :
       vs.                                  :     OPINION & ORDER
                                            :     [Resolving Docs. 1, 15]
MICHELLE MILLER,                            :
                                            :
            Respondent.                     :
                                            :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Noel Cedeno moves for reconsideration of this Court's February 26, 2016 opinion and judgment dismissing Petitioner's 28 U.S.C. § 2254 habeas petition.[1] For the following reasons, this Court **GRANTS** Petitioner's motion for reconsideration. However, this Court **OVERRULES** Petitioner's objections to the Report and Recommendation, **ADOPTS** the Report and Recommendation, and **DISMISSES** Petitioner's § 2254 petition as untimely.

**I. Background**

With his objection to the Magistrate Judge's Report and Recommendation, Petitioner Cedeno says the Magistrate Judge was wrong when the Magistrate Judge found Cedeno's habeas claims were beyond the statute of limitations.

On April 7, 2011, a Cuyahoga County Grand Jury charged Petitioner Cedeno with rape, sexual battery, and kidnapping.[2] Several of the counts had additional specifications.[3]

---

[1] Doc. 15. Petitioner styles his motion as "Petitioner's Reasons for Requesting a Second Request for Review of His Writ of Habeas Corpus." However, this Court reviews the motion as a request for relief from final judgment under Federal Rule of Civil Procedure 60(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 529–31 (2005) (citing Fed. R. Civ. P. 60(b)(1)).

[2] Doc. 7-1, Exh. 3. This Court relies on the state court record, Doc. 7-1, and the Report and Recommendation, Doc. 11, for this case's procedural history.

[3] Doc. 7-1, Exh. 3.

Case No. 15-cv-1251
Gwin, J.

On July 25, 2011, Cedeno waived his jury trial rights and elected a bench trial.[4] On July 26, 2011, the trial court found Petitioner guilty of one count of rape as charged in count three and one count of sexual battery as charged in count five. The court found Cedeno not guilty of the remaining charges.[5]

On August 24, 2011, the trial court merged counts three and five and sentenced Cedeno to five years of incarceration.

On May 10, 2012, the trial court entered *nunc pro tunc* judgements finding Cedeno not guilty of the specifications to counts three and five.[6]

Cedeno appealed his conviction.[7] On March 7, 2013, the state appellate court affirmed Cedeno's convictions and sentences.[8]

On January 13, 2014, Cedeno filed a Notice of Appeal and Motion for Delayed Appeal with the Ohio Supreme Court.[9] On March 12, 2014, the Ohio Supreme Court denied Cedeno's motion for delayed appeal.[10] Cedeno did not appeal the March 12, 2014 decision.

According to the Report and Recommendation, Petitioner filed several post-conviction motions before and after filing his June 22, 2015 habeas petition:

> On February 27, 2015, Cedeno filed a pro se document in the state trial court captioned "Concurrent Sentences," in which he appeared to be requesting jail time credit . . . .
> On April 2, 2015, the trial court granted Cedeno's motion for jail-time credit, according him a total of 1307 days of credit. Thereafter, on April 14, 2015, the court issued a separate journal entry, overruling Cedeno's motion for "concurrent sentence." On April 3, 2015, Cedeno filed a pro se motion to vacate court costs. Cedeno's motion was denied on April 15, 2015.
> Several months later, on June 15, 2015, Cedeno filed another pro se motion captioned "Concurrent Sentences." In this motion, Cedeno again appears

---

[4] Doc. 7-1, Exh 6.
[5] Doc. 7-1, Exh. 8.
[6] Doc. 7-1, Exhs. 15, 16.
[7] Doc. 7-1, Exh.17.
[8] Doc. 7-1, Exh. 20. *See also State v. Cedeno*, No. 13-98500, 2013 WL 871921 (Ohio App. 8th Dist. March 7, 2013).
[9] Doc. 7-1, Exhs. 24, 25.
[10] Doc. 7-1, Exh. 26.

Case No. 15-cv-1251
Gwin, J.

> to request that the court impose a reduced sentence which would be served by his jail-time credit and allow for his release on March 20, 2015. The State opposed the motion, arguing the trial court lacked jurisdiction to re-sentence Cedeno. On July 2, 2015, Cedeno filed a document captioned "Apology to the Court." On July 8, 2015, the trial court overruled Cedeno's motion.
> Cedeno did not appeal any of these rulings.[11]

On June 22, 2015, Petitioner filed a *pro se* petition under § 2254. Petitioner raised ineffective assistance of counsel and lack of proof grounds for relief.[12]

On January 1, 2016, Magistrate Judge White filed a Report and Recommendation with this Court.[13] The Report and Recommendation recommends dismissing Petitioner's § 2254 petition as untimely. Objections to the report were due by February 9, 2016. In Petitioner's case, the objections needed to be put in the prison mail system by February 9, 2016.

On February 26, 2016, having received no objections to the Report and Recommendation, this Court issued an opinion and order adopting the Report and Recommendation and dismissing Petitioner's § 2254 petition.[14] This Court also issued a Rule 58 judgment closing the case.

On March 7, 2016, Petitioner objected to this Court's judgment, saying that Petitioner had in fact timely mailed objections to the Report and Recommendation.[15]

On May 12, 2016, Petitioner moved for reconsideration of this Court's February 26, 2016 opinion and judgment.[16] Petitioner attached his objections to the Report and Recommendation.[17]

---

[11] Doc. 11 at 5–6 (internal citations omitted).
[12] Doc. 1. Respondent moved to dismiss. Doc. 7. Petitioner filed a traverse. Doc. 8. Respondent filed a reply to Petitioner's traverse. Doc. 9. Petitioner filed a rebuttal to Respondent's reply. Doc. 10.
[13] Doc. 11.
[14] Doc. 12.
[15] Doc. 14.
[16] Doc. 15.
[17] Doc. 15-3.

Case No. 15-cv-1251
Gwin, J.

## II. Legal Standard

A party may move for relief from a final judgment under Federal Rule of Civil Procedure 60(b).[18] Under Rule 60(b)(6), this Court may grant relief for any justifiable reason. However, courts interpret Rule 60(b)(6) to "appl[y] only in exceptional or extraordinary circumstances where principles of equity mandate relief."[19]

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the R&R to which the parties have properly objected.[20] A district court may adopt without review parts of the R&R to which no party has objected.[21]

The Antiterrorism and Effective Death Penalty Act of 1996 controls habeas review of state court proceedings.[22] A Petitioner seeking relief under § 2254 must file his petition within one year of the date on which his state court conviction became final, subject to tolling.[23] The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."[24]

The limitations period is tolled while "properly filed" state post-conviction or collateral proceedings are pending.[25] An untimely or otherwise improper application for post-conviction or collateral review is not considered "properly filed" and does not toll the statute of limitations.[26]

---

[18] Petitioner's motion does not explicitly invoke Rule 60(b), however, this Court construes the motion to invoke Rule 60(b).
[19] *W. v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015), *cert. denied sub nom. W. v. Westbrooks*, — U.S. —, 136 S. Ct. 1456 (2016) (quoting *McGuire v. Warden, Chillicothe Corr. Inst.,* 738 F.3d 741, 750 (6th Cir. 2013), *cert. denied*, — U.S. —, 134 S.Ct. 998 (2014)).
[20] 28 U.S.C. § 636(b)(1).
[21] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[22] 28 U.S.C. § 2241 *et seq*.
[23] *Carey v. Saffold*, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).
[24] 28 U.S.C. § 2244(d)(1)(A).
[25] *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005); *Searcy v. Carter*, 246 F.3d 515, 517–18 (6th Cir. 2001) *cert. denied*, 534 U.S. 905 (2001); 28 U.S.C. § 2244(d)(2).
[26] *Allen v. Siebert*, 552 U.S. 3 (2007) (per curiam).

Case No. 15-cv-1251
Gwin, J.

### III. Discussion

With his motion for reconsideration, Petitioner says that he timely filed objections to the Report and Recommendation, but that the Belmont Correctional Institution mishandled Petitioner's mail and never sent the objections.

Petitioner complained to Belmont officials once Petitioner learned the objections never arrived.[27] One Belmont official investigated Petitioner's grievance and found that Belmont had mishandled Petitioner's court filing.[28]

Belmont's mishandling of Petitioner's otherwise-timely objections to the Report and Recommendation is an extraordinary circumstance that justifies relief under Rule 60(b)(6). Therefore, this Court **GRANTS** Petitioner's motion and will reconsider its February 26, 2016 opinion adopting the Report and Recommendation in light of Petitioner's objections.

However, this Court finds that Magistrate Judge White correctly found Petitioner's § 2254 petition was untimely. The Report and Recommendation correctly says:

> Cedeno's conviction and sentence became final [for state-court review purposes] on May 10, 2012, when the trial court filed the *nunc pro tunc* entries disposing of the specifications to Counts Three and Five. He timely appealed on June 8, 2012. The state appellate court affirmed his conviction and sentence on March 7, 2013. Cedeno then had forty-five (45) days to appeal to the Supreme Court of Ohio, but failed to do so.[29]

Cedeno's conviction and sentence became "final" for § 2244(d)(1)(A) purposes on April 22, 2013, forty-five days after Petitioner's opportunity to appeal the state appellate court's March 7, 2013 decision. Cedeno had one year from April 23, 2013 to file a § 2254 petition, subject to any tolling of the one-year statute of limitations.

---

[27] Doc. 15-6 at 3.
[28] *Id.* at 4.
[29] Doc. 11 at 9–10 (internal citations omitted).

-5-

Case No. 15-cv-1251
Gwin, J.

There was some tolling of Cedeno's one-year limitations period, but not enough to make Petitioner's June 22, 2015 § 2254 petition timely. On January 13, 2014, Petitioner filed a motion for delayed appeal with the Ohio Supreme Court. At that point, Cedeno's statute of limitations had been running for 265 days.

On March 12, 2014, the Ohio Supreme Court denied Petitioner's motion. The pendency of Petitioner's motion—from January 13, 2014, to March 12, 2014—tolled Petitioner's statute of limitations for 58 days. The limitations period began to run again on March 13, 2014, with 100 days remaining.

On June 23, 2014, Cedeno's statute of limitations ended. Petitioner did not file his § 2254 petition until June 22, 2015, almost one year after. This Court does not find that Petitioner is eligible for equitable tolling under the facts of this case. Therefore, Petitioner's § 2254 petition is untimely.

With his objections, Petitioner says that his July 2, 2015 state-court motion, styled "Apology to the Court", is the point from which the statute of limitations should run. This argument loses.

First, it is not clear that this motion is "properly filed" for tolling purposes. A Petitioner may not extend the statute of limitations by filing frivolous or untimely motions in state court.[30]

Second, Petitioner filed this "Apology" motion on July 2, 2015, 10 days after Petitioner filed his untimely § 2254 petition. It is not clear that any motion filed *after* a § 2254 petition would have any effect on the timeliness of the § 2254 petition.[31]

Finally, even if the July 2, 2015 motion were properly filed before the § 2254 petition, it would not revive the already-expired statute of limitations. Motions filed after the limitations

---

[30] *Garner v. Gansheimer*, No. 1:09-CV-00874, 2010 WL 547482, at *5 (N.D. Ohio Feb. 10, 2010).
[31] *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Case No. 15-cv-1251
Gwin, J.

period has elapsed do not reset the clock of the limitations period.[32] In this case, Petitioner filed the "Apology to the Court" over a year after the limitations period had elapsed.

Petitioner also makes an actual innocence argument. Petitioner says that the lack of DNA evidence and other alleged trial defects invalidate his convictions. These arguments lose.

This Court does not sit in direct appellate review of state court convictions. To make out an actual innocence argument on habeas review, a petitioner must "support his allegations of constitutional error with new reliable evidence."[33]

Petitioner does not bring any new evidence with his § 2254 petition. Petitioner did not meet his actual innocence burden.

Furthermore, Petitioner's second objection seems to allege several state law trial defects. Petitioner does not seem to allege any cognizable constitutional error in his state court trial. This Court **OVERRULES** Petitioner's objections to the Report and Recommendation.

### IV. Conclusion

For the reasons above, this Court **GRANTS** Petitioner's motion for reconsideration, **OVERRULES** Petitioner's objections to the Report and Recommendation, **ADOPTS** and incorporates by reference the Report and Recommendation, and **DISMISSES** Petitioner's § 2254 petition. Moreover, this Court certifies that no basis exists upon which to issue a certificate of appealability.[34]

IT IS SO ORDERED.

Dated:  June 7, 2016                                          *s/        James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE

---

[32] *Id.*
[33] *Schlup v. Delo*, 513 U.S. 298, 324 (1995).
[34] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).